UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICHARD HARTMAN,
    Plaintiff,

CASE NO. 5:25-CV-790-JSS-PRL

v.

REPUBLIC SERVICES OF FLORIDA,
LIMITED PARTNERSHIP d/b/a
REPUBLIC SERVICES OF TAMPA
    Defendant,

_____/

**COMPLAINT FOR VIOLATIONS OF THE
TELEPHONE CONSUMER PROTECTION ACT
AND DEMAND FOR JURY TRIAL**

Plaintiff, Richard Hartman sues Republic Services of Florida, Limited Partnership d/b/a Republic Services of Tampa, and states:

**PRELIMINARY STATEMENT**

1. This is an action for money damages pursuant to the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 *et seq*. These laws protect consumers from the misuse of automated calling technology by, *inter alia*, restricting the making of artificial or prerecorded voice calls to consumers' cellular telephones.

## JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings claims under the federal TCPA, 47 U.S.C. § 227 *et seq.*

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

4. Plaintiff Richard Hartman ("Hartman" or "Plaintiff) is a natural person residing in Hernando County Florida, and is a "person" under 47 U.S.C. § 227 *et seq.*

5. Defendant Republic Services of Florida, Limited Partnership d/b/a Republic Services of Tampa ("Defendant" or "Republic Services") is a Delaware Limited Partnership that does business in Florida, including Hernando County, FL, and is a "person" under 47 U.S.C. § 227 *et seq.*

6. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendants were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or

employment and acted with the consent, permission and authorization of Defendants.

## FACTUAL ALLEGATIONS

7. Defendant provides garbage collection services throughout Hernando County, FL, including Plaintiff's home.

8. Beginning several years ago, Defendant began calling Plaintiff's cellular telephone on a semi-regular basis. When Plaintiff would answer the telephone call(s), there would not be a human on the line, but rather a prerecorded message. Believing the messages to be collection calls, and knowing he did not owe Defendant any money, Plaintiff would not listen to the prerecorded message(s) being delivered, but would just hang up the phone each time.

9. Plaintiff never provided consent, express or otherwise, for Defendant to call his cellular telephone using a prerecorded message.

10. On 9/25/2024, Plaintiff sent a letter to Defendant by U.S. Priority Mail with tracking (the "Cease & Desist Letter").

11. In the Cease & Desist Letter, Plaintiff told Defendant:

"I have been getting collection calls from you, which I believe to be a mistake. I do not have any outstanding balances with you.

Stop calling me. Do not call me at any number, for any reason."

12. Defendant received the Cease & Desist Letter on September 30, 2024 at 1:06 PM.

13. Defendant received actual notice that Plaintiff did not consent to being called on his cellular telephone using an artificial or prerecorded voice on September 30, 2024 at 1:06 PM.

14. On October 11, 2024 at 12:14 PM, Plaintiff received a phone call from a representative of Defendant in which she acknowledged receiving Plaintiff's letter. Plaintiff was busy at the time, and told her he couldn't talk, and disconnected the call. Plaintiff attempted to call her back 10 minutes later, at 12:24 PM to discuss the billing issue, but the call went to voicemail.

15. Since receiving Plaintiff's Cease & Desist Letter, Defendant has continued to call Plaintiff's cellular telephone using an artificial or prerecorded voice for each call.

16. Prior to receiving Plaintiff's Cease & Desist Letter, Defendant used an artificial or prerecorded voice to call Plaintiff's cellular telephone at least seven (7) times, including on the following dates and times: 7/22/24 at 7:27 PM, 7/29/24 at 6:26 PM, 8/12/24 at 4:33 PM, 8/19/24 at 3:31 PM, 8/26/24 at 3:04 PM, 9/9/24 at 5:35 PM, and 9/23/24 at 5:15 PM.

17. After receiving Plaintiff's Cease and Desist Letter, Defendant continued using an artificial or prerecorded voice to call Plaintiff's cellular telephone

at least thirteen (13) additional times, including on the following dates and times: 10/2/24 at 6:30 PM, 10/7/24 at 4:26 PM, 10/8/24 at 3:32 PM, 10/14/24 at 4:34 PM, 10/21/24 at 6:29 PM, 12/2/24 at 4:10 PM, 12/26/24 at 4:19 PM, 1/27/25 at 2:52 PM, 2/17/25 at 4:58 PM, 4/7/25 at 5:52 PM, 5/19/25 at 4:47 PM, 8/14/25 at 5:43 PM, and 8/25/25 at 6:25 PM.

18. Each and every one of the forgoing calls to Plaintiff's cellular telephone were made using an artificial or prerecorded voice.

19. Eventually Plaintiff stopped answering the calls and allowed the calls to go to voicemail and actually began listening to the messages. At that point he discovered the calls were informational calls, rather than collection calls. Most of the prerecorded voice messages Plaintiff received were advising him that his garbage pickup was going to be late.

20. Ironically, most, if not all of the artificial or prerecorded voice calls Defendant made to Plaintiff's cellular telephone, informing him that his garbage pickup was going to be late, were made hours after his garbage had already been picked up.

21. Upon information and belief, Defendant made additional calls to Plaintiff using an artificial or prerecorded voice, both prior to, and after receiving Plaintiff's Cease & Desist Letter, but Plaintiff does not currently have a record of

those calls. Plaintiff intends to obtain those call records throughout the course of this action, and intends to seek damages for those calls as well.

## COUNT 1
## VIOLATION OF THE TCPA BY DEFENDANT REPUBLIC SERVICES

22. This is an action against Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

23. Plaintiff re-alleges and reincorporates paragraphs 1 through 21, as if fully set forth herein.

24. Defendant, in the conduct of its business, made multiple telephone calls to Plaintiff's cellular telephone using an artificial or prerecorded voice.

25. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

> It shall be unlawful for any person within the United States --
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

26. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant placed numerous calls to Plaintiff's cell phone without Plaintiff's express consent using an artificial or prerecorded voice.

27. Furthermore, Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone using an artificial or prerecorded voice after Plaintiff told Defendant "Stop calling me. Do not call me at any number, for any reason."

28. Defendant's actions harmed Plaintiff by being a nuisance and an invasion of Plaintiff's privacy. In addition, Defendant's actions intruded upon Plaintiff's seclusion, wasted Plaintiff's time, and caused aggravation, indignation and unwarranted stress, as well as depleted Plaintiff's cellular phone battery.

29. As a result of the above violations of the TCPA, Defendant is liable to Plaintiff for the amount of $500.00 as damages for each call pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

30. Based upon the willful, knowing, and intentional conduct of the Defendant as described above, for each call made to Plaintiff using an artificial or prerecorded voice after Defendant received the Cease and Desist Letter, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b).

31. Additionally, Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting Plaintiff on his cellular telephone using an artificial or pre-recorded voice pursuant to 47 U.S.C. § 227(b)(3)(A).

**WHEREFORE,** Plaintiff respectfully request this Court enter a judgment against the Defendant: (1) awarding Plaintiff the amount of $500.00 in damages for each violation pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).; (2) because Defendant willfully, knowingly and intentionally violated the TCPA by continuing to call Plaintiff after receiving the Cease & Desist Letter, increasing the damages award to treble the amount of damages for each violation after Defendant received the Cease & Desist Letter; (3) entering an order permanently enjoining Defendant from calling Plaintiff's cellular telephone using an artificial or pre-recorded voice; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Richard Hartman hereby demands a trial by jury for all issues so triable pursuant to U.S. Const. amend. VII and Fed. R. Civ. P. 38.

Dated: December 1, 2025

Respectfully Submitted,

Richard Hartman, Plaintiff
8285 Nuzum Rd
Brooksville, FL 34613
RickHartman@myyahoo.com
(727) 200-7248

9589 0710 5270 2702 1451 23



U.S. POSTAGE PAID
PM LG ENV
SPRING HILL, FL 34606
DEC 01, 2025
34475
$7.74
S2324H502208-14
RDC 99

Richard Hartman
8285 Nuzum Rd
Brooksville, FL 34613

United States Courthouse
207 Northwest Second Street
Ocala, FL 34475

ATTENTION CLERK