THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 5:25-cv-790-JSS-PRL

RICHARD HARTMAN,

    Plaintiffs,

v.

REPUBLIC SERVICES OF FLORIDA, LIMITED PARTNERSHIP d/b/a REPUBLIC SERVICES OF TAMPA

    Defendant.
_____/

### DEFENDANT REPUBLIC SERVICES OF FLORIDA LP'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

Defendant Republic Services of Florida, Limited Partnership d/b/a Republic Services of Tampa ("**Republic Services**"), moves to dismiss the Complaint filed by Plaintiff Richard Hartman ("**Plaintiff**") pursuant to Federal Rules of Civil Procedure 12(b)(1), (6) and states as follows:

### I.    INTRODUCTION

Republic Services is a provider of environmental services including solid waste collection, transfer, disposal and recycling in various Florida counties, including Hernando County. Republic Services does not make unsolicited calls or contact prospective customers without a valid request, and contacts existing customers only on an individualized, case-specific basis.

1

Plaintiff sues Republic Services based on Plaintiff's alleged receipt of artificial or prerecorded voice calls to Plaintiff's cellular telephone number. Plaintiff brings one claim against Republic Services arising under 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act ("**TCPA**"). Plaintiff admits that Republic Services provides waste collection services to Plaintiff's home in Hernando County. Complaint at ¶7. Plaintiff further alleges that he initially believed the calls were collection calls but "would not listen to the prerecorded message(s) being delivered, but would just hang up the phone each time." Complaint at ¶8. Plaintiff claims he "never provided consent, express or otherwise, for Defendant to call his cellular telephone using a prerecorded message." Complaint at ¶9.

The Complaint should be dismissed because: (1) Plaintiff lacks standing; (2) Plaintiff fails to plausibly allege entitlement to injunctive relief; (3) Plaintiff provided prior express consent to be contacted; (4) Plaintiff fails to allege the calls were made using an artificial or prerecorded voice; and (5) Plaintiff's purported opt-out was unreasonable.

## II.  LEGAL STANDARD

"[T]o survive a motion to dismiss under [Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be well-pled, the allegations must consist of more than mere labels, legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Id.* at 678. Bare legal conclusions are "not entitled to the

2

assumption of truth." *Id*. at 679. A complaint is deficient if it tenders "naked assertions devoid of further factual enhancement." *Id.* at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*.

### III.   ARGUMENT

**A. Plaintiff lacks standing because he failed to allege that he suffered an injury-in-fact from the alleged calls.**

Plaintiff fails to allege any concrete harm sufficient to confer Article III standing. By his own admission, Plaintiff did not answer the alleged calls or listen to the alleged messages, initially believing them to be collection calls, which he admits they were not. Complaint at ¶8. These allegations do not establish the injury-in-fact required for a TCPA claim.

"[S]tanding is a threshold question that must be explored at the outset of any case." *Corbett v. Transp. Sec. Admin.*, 930 F.3d 1225, 1232 (11th Cir. 2019). Moreover, "[b]ecause standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991). The party invoking federal jurisdiction has "the burden of demonstrating that he has standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430-31. To have Article III standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "To

3

establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 339.

"Article III standing requires a concrete injury even in the context of a statutory violation[.]" *Spokeo*, 758 U.S. at 341. In other words, a "bare procedural violation, divorced from any concrete harm" does not constitute a concrete injury. *Id.* "Instead, a statutory violation gives rise to an injury in fact only if the violation (1) inflicts some separate concrete harm on the plaintiff or (2) creates a material risk of such harm to the plaintiff." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 926-27 (11th Cir. 2020) (en banc). Plaintiff "must show, and the courts must ensure, that an alleged injury is concrete, or else we have no jurisdiction to consider it." *Muransky*, 979 F.3d 924; *see also Heres*, 2024 WL 3291738, at *9 (holding that Plaintiff's bare allegations of injury are insufficient to allege that he suffered "even a trifling harm").

Here, Plaintiff fails to allege a concrete injury. His generic allegations that the calls were a "nuisance," "wasted [his] time," caused "aggravation, indignation, and unwarranted stress," were an "invasion of [his] privacy" and "intruded upon [his] seclusion," and depleted his cell phone battery (Complaint at ¶28) are conclusory and insufficient. Unlike cases where plaintiffs supported their alleged injuries with factual details, Plaintiff offers only bare procedural allegations devoid of any facts showing concrete harm. *See Heres v. Medicredit, Inc.*, No. 23-CV-24815, 2024 WL 3291738, at *6 (S.D. Fla. July 3, 2024). Without a concrete injury, this Court lacks jurisdiction. *Muransky*, 979 F.3d at 924.

### B. Plaintiff fails to plausibly allege entitlement to injunctive relief.

To sustain a claim for injunctive relief, a plaintiff must plausibly allege:

- "that he is likely to suffer future injury;"
- "that he is likely to suffer such injury at the hands of the defendant;" and
- "that the relief the plaintiff seeks will likely prevent such injury from occurring."

*Cone Corp. v. Florida Dept. of Transp.*, 921 F.2d 1190, 1203-04 (11th Cir. 1991). Stated another way, the plaintiff must show "a real and immediate threat of future harm." *Elend v. Basham*, 471 F.3d 1199, 1207 (11th Cir. 2006).

Plaintiff pleads no facts suggesting "a real and immediate threat of future harm." *Elend*, 471 F.3d at 1207. Indeed, Republic Services no longer services Plaintiff's address, meaning Plaintiff will not be a customer in the future. "[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Absent any plausible allegation of future harm, Plaintiff's claim for injunctive relief must be dismissed. *See Culbertson v. Pro Custom Solar LLC*, Case No. 8:22-cv-2252-CEH-UAM, 2024 WL 3771606, at *4 n.3 (M.D. Fla. Aug. 13, 2024). Because there are no such allegations, Plaintiff's claim for injunctive relief should be dismissed.

### C. Plaintiff provided prior express consent to receive phone calls from Republic Services.

At the time of his alleged injury, Plaintiff was a regular customer of Republic Services. Complaint at ¶7. And there is no allegation that Republic Services improperly

obtained his phone number or that Plaintiff objected to Republic Services contacting him at the phone number he provided the company. Instead, Plaintiff merely alleges he did not consent to calls using a prerecorded message. Complaint at ¶9. However, the TCPA does not prohibit calls made with the "prior express consent of the called party."

To be sure, "[s]ection 227(b)(1)(A)(iii) makes it unlawful for any person to make a call to any telephone number assigned to a cellular telephone service using any automatic telephone dialing system, or an artificial or prerecorded voice, <u>unless the called party gave prior express consent</u>, or the call is made for emergency purposes." *Cacho v. Sunbility LLC*, No. 6:23-CV-14-WWB-EJK, 2024 WL 982462, at *4 (M.D. Fla. Jan. 12, 2024) (emphasis added).

Providing a cell phone number constitutes such consent. *See Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1307 (11th Cir. 2015); *Miller v. Ginny's Inc.*, 287 F. Supp. 3d 1324, 1328 ("[T]he provision of a mobile phone number, without limiting instructions suffices to establish the consumer's general consent to be called under the TCPA."). Further, consent does not have to be given directly to the caller. *See Edelsberg v. Vroom, Inc.*, No. 16-CV-62734, 2018 WL 1509135, at *7 (S.D. Fla. Mar. 27, 2018) ("[T]he appropriate [express consent] analysis turns on whether the called party granted permission or authorization, not on whether the creditor received the number directly[.]" (citing *Mais*, 768 F.3d 1110, 1123 (11th Cir. 2014))).

As a Republic Services customer, Plaintiff provided his phone number to receive service-related communications. Plaintiff admits the calls were informational, advising

6

him of a delay in garbage pickup. Complaint at ¶9, ¶19. By providing his number, Plaintiff gave the prior express consent required for such informational calls. Therefore, even if they occurred, the alleged calls did not violate the TCPA.

### D. Plaintiff fails to sufficiently allege that the calls were made using an artificial or prerecorded voice.

Plaintiff fails to state a claim because his allegation that the calls used an "artificial or prerecorded voice" is conclusory and unsupported by any facts.

A bare allegation that a defendant used a prerecorded message is insufficient. *See McGinity v. Tracfone Wireless, Inc.*, 5 F. Supp. 3d 1337, 1340 (M.D. Fla. 2014) (citing *Johansen v. Vivant, Inc.,* No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) ("It is not unreasonable ... to require a plaintiff to describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via the [automatic telephone dialing system]."). In *McGinity*, 5 F. Supp. 3d at 1340, the court held that Plaintiff failed to allege any facts which tended to create an inference that the calls were made using an automatic telephone dialing system which is a necessary element of a claim under the TCPA.

Likewise, Plaintiff alleges no facts creating an inference that the calls were prerecorded. He admits he "would just hang up the phone each time" without listening (Complaint at ¶8) but later learned the calls were informational messages about his garbage pickup being late (Complaint at ¶19). He also alleges speaking with a representative. Complaint at ¶14. These allegations contradict Plaintiff's conclusory

7

claim that the calls were artificial or prerecorded. Therefore, the Court should dismiss the Complaint.

### E. Plaintiff's alleged opt-out was unreasonable.

Plaintiff alleges that he sent a "Cease and Desist Letter" to Republic Services by U.S. Priority Mail stating that "I have been getting collection calls from you, which I believe to be a mistake. I do not have any outstanding balances with you. Stop calling me. Do not call me at any number, for any reason." Plaintiff alleges that Republic Services received the Cease and Desist Letter on September 30, 2024.

Although consent is revocable, "the TCPA requires—at a minimum—express and clear revocation of consent; implicit revocation will not do." *Brown v. Ocwen Loan Servicing LLC*, No. 8:18-CV-136-T-60AEP, 2019 WL 4221718, at *5 (M.D. Fla. Sept. 5, 2019) (quoting *In re Runyan*, 530 B.R. 801, 807 (M.D. Fla. 2015)).

Even taking Plaintiff's allegations as true, his purported revocation of consent was unreasonable and ineffective. The alleged "Cease and Desist Letter" referred exclusively to "collection calls." Plaintiff has not attached the alleged Cease and Desist Letter, nor has he alleged that Letter included sufficient information to identify Plaintiff's phone number. Because the alleged calls at issue were informational notices about his garbage service—not collection calls—the letter did not provide a clear revocation of consent for the types of calls he actually received. An ambiguous or misdirected revocation is not effective under the TCPA. *See In re Runyan*, 530 B.R. 801, 807 (Bankr. M.D. Fla. 2015). Thus, the alleged revocation of consent was

unreasonable and Plaintiff has failed to establish a violation of the TCPA. *See In re Runyan*, 530 B.R. 801, 807 (Bankr. M.D. Fla. 2015).

## IV. CONCLUSION

WHEREFORE, and by reason of the foregoing, Republic Services of Florida, Limited Partnership d/b/a Republic Services of Tampa, as Defendant, respectfully requests that this Honorable Court grant this motion and enter an order dismissing the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

**GUNSTER**

BY: */s/ Jonathan K. Osborne*
Jonathan K. Osborne
Florida Bar No. 95693
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 462-2000
Facsimile: (954) 523-1722
Email - josborne@gunster.com
Secondary email – rbelons@gunster.com

Melanie B. Senosiain
Florida Bar No. 118904
401 E. Jackson Street, Suite 1500
Tampa, FL 33602
Telephone: (813) 228-9080
Facsimile: (813) 228-6739
Email – msenosiain@gunster.com
Secondary email – gmurphy@gunster.com

*Attorneys for Defendant*

## RULE 3.01 CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that before filing this motion, she has conferred with Plaintiff via email on January 21, 2026 regarding the relief sought in this motion. Plaintiff advised that he opposed the relief requested herein.

By: /s/ *Melanie B. Senosiain*

## CERTIFICATE OF SERVICE

I HEREBY certify that on January 21, 2026, I electronically filed the foregoing with the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Richard Hartman
8285 Nuzum Road
Brooksville, Florida 34613
Telephone: (727)200-7248
Email: RickHartman@myyahoo.com

By: /s/ *Melanie B. Senosiain*