UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICHARD HARTMAN,

     Plaintiff,

v.                                       **Case No: 5:25-cv-790-PRL**

REPUBLIC SERVICES OF FLORIDA, LP,

     Defendant.

_____

## CASE MANAGEMENT AND SCHEDULING ORDER

In this consent case (see Docs. 24, 25), the Court has considered the Case Management Report filed by the parties (Doc. 21), and having considered the positions of the parties, it is ORDERED that:

1. The parties are directed to meet the agreed upon terms and time limits in the parties' Case Management Report, **with the exception that the following dates shall govern**[1]:

| | |
|---|---|
| **Motion to Add Parties and Amend Pleadings** | **June 15, 2026** |
| **Disclosure of Expert Reports** <br>     **Plaintiff:** <br>     **Defendant:** | <br> **August 7, 2026** <br> **September 8, 2026** |
| **Discovery Deadline:** | **October 22, 2026** |
| **Mediation** <br>     **Deadline:** | <br> **October 29, 2026** |
| **Dispositive and <u>Daubert</u> Motions:** | **November 22, 2026** |
| **Motions <u>In Limine</u>:** <br> *(Multiple motions in limine are disfavored; thus, efforts should be made to consolidate requests into one document.)* | **February 22, 2027** |
| **Joint Final Pretrial Statement due to Court:** | **March 1, 2027** |
| **Final Pretrial Conference** <br>     **Date:** <br>     **Time:** | <br> **March 8, 2027** <br> **10:00 AM** |

_____

[1] The Parties are also directed to meet the pretrial disclosure requirements and deadlines in Fed. R. Civ. P. 26(a)(3).

| Trial | March 22, 2027 |
|---|---|
| Estimated Length of Trial | 1-2 |
| Jury/Non Jury | Jury |

2. **Amendments and extensions:** Motions to amend any pleading or to continue any pretrial conference, hearing, or trial filed after issuance of this Case Management and Scheduling Order are disfavored. Any motion filed must be consistent with the requirements set forth in Fed. R. Civ. P. 16(b)(4).

3. **Discovery matters:** With respect to discovery matters, the date set forth above is the <u>final</u> date that discovery shall be completed. All requests and motions pertaining to discovery shall be filed promptly so that the discovery desired will be due <u>prior</u> to the completion date.[2] Specifically, motions to compel brought pursuant to Rule 37 must be filed <u>no later than</u> the close of discovery. The parties should be aware that a stipulation to the continuance of discovery anticipates no discovery disputes. Thus, the Court will generally not hear discovery disputes arising during the stipulated continuance. The parties are further advised that any extension of discovery will not result in an extension of the dispositive motion filing deadline or other pretrial or trial dates <u>except upon order of the Court</u>.

4. **Mediation:** This case is hereby referred to mediation pursuant to Chapter Four of the Local Rules for the Middle District of Florida.

5. **Meeting of counsel:** As a pretrial conference is scheduled in this case, counsel for all parties shall meet and confer to discuss those items listed in Local Rule 3.06 and to prepare a pretrial statement in accordance with Local Rule 3.06. **This meeting shall occur no later than fourteen days before the date of the final pretrial conference**.[3]

6. **Pretrial Statement:** A pretrial statement <u>in full and complete compliance with Local Rule 3.06</u> shall be filed with the Clerk on or before the date noted in this Order.

7. **Courthouse**: The pretrial conference and trial will be held in the United States Courthouse, Golden-Collum Memorial Federal Building & U.S. Courthouse, 207

---

[2] The parties are reminded of their obligation to comply with the redaction requirements set forth in Fed. R. Civ. P. 5.2.

[3] While counsel for Plaintiff shall be responsible for initiating the pretrial compliance process, all parties are responsible for assuring its timely completion. Further, so that the intended purposes of the pretrial procedures are accomplished, all meetings of counsel, including the pretrial conference, shall be attended by counsel who will participate in the trial of the case and is vested with full authority to make and solicit disclosures and agreements touching on all matters pertaining to the trial.

N.W. Second Street, Ocala, Florida 34475. The pretrial conference shall be attended by counsel who will act as lead counsel.

8. **Trial filings**:

   a. <u>**Trial Brief**</u>**: No later than seven days before the trial date set forth above**, to the extent necessary, each side may file a trial brief, not exceeding ten pages, with citations to authorities and arguments specifically addressing those issues (if any) raised in the pretrial statement and any other significant disputed issues of law likely to arise at trial.

   b. <u>**Jury trial**</u>**: No later than seven days before the trial date set forth above**, the parties shall file the following items.

      i. A concise (preferably one paragraph) **joint or stipulated statement of the nature of the action** to be used solely for the purpose of providing a **basic** explanation of the case to the jury *venire* at the commencement of jury selection process.

      ii. **Proposed *Voir Dire*.** Notably, the Court will conduct the jury *voir dire* and, in addition to the usual more general questions, will, without initiation by counsel, ask more particular questions suggested by the nature of the case. Counsel should, therefore, be selective in the jury questions submitted to the Court for consideration.

      i. A complete set of all written **Proposed Jury Instructions** and a **Proposed Verdict Form**. The Court will expect counsel to give their best efforts, cooperatively, in the production of a **joint set of instructions and verdict form**, the format of which the Court will discuss at the pretrial conference. Preference shall be given to the Eleventh Circuit Pattern Jury Instructions. In addition, counsel must email the proposed jury instructions and verdict forms in Microsoft Word® format to the chamber's email. Include the case number and case name in the email subject line.

   c. <u>**Bench trial**</u>**:** The parties should anticipate that they will be required to submit, within 21 to 30 days after the conclusion of the bench trial, Proposed Findings of Fact and Conclusions of Law. When they do s, each shall be separately stated in numbered paragraphs and Findings of Fact shall contain a detailed listing of the relevant material facts the party has established, in a simple, narrative form; and the Conclusions of Law shall contain a full exposition of the legal theories relied upon by counsel. The proposed Findings of Fact and Conclusions of Law must be filed with the Court and also emailed to the chamber's email in Microsoft Word® format.

9. **Witnesses:** The parties are advised (and should advise their witnesses) that photo

3

identification is required to enter the United States Courthouse and cell phones, blackberries, handheld tablet devices (e.g., iPads), and laptop computers are prohibited in the building (unless otherwise ordered by the Court).

10. **Scope of Order:** In the event that the dates set herein for final pretrial conference and/or trial are continued or otherwise modified, the remaining provisions of this Order shall remain in full force and effect.

11. **Settlement:** Counsel shall immediately notify the Court upon settlement of any case. The parties shall notify the Court of any settlement or other disposition of the case which will eliminate the need for a jury by 11:30 a.m. on the last business day before the date scheduled for jury selection. Failure to do so will subject each party to joint and several liability for jury costs. Regardless of the status of settlement negotiations, the parties shall appear for all scheduled hearings, including the Final Pretrial Conference and for trial absent the filing of a stipulation of dismissal signed by all parties who have appeared in the action (or notice of dismissal if prior to answer and motion for summary judgment). Fed. R. Civ. P. 41(a).

12. **THE COURT HAS DONE EVERYTHING POSSIBLE TO SET APPROPRIATE DEADLINES FOR THIS CASE. THE PARTIES SHOULD PROCEED ACCORDINGLY. DO NOT ASSUME THAT THE COURT WILL EXTEND THESE DEADLINES.**

**DONE** and **ORDERED** in Ocala, Florida on February 27, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:
All Counsel
Unrepresented Parties

4