**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**RICHARD HARTMAN,**

**Plaintiff,**

**v.** **Case No.: 5:25-cv-00790-PRL**

**REPUBLIC SERVICES OF FLORIDA, LP,**

**Defendant,**

______________________________________/

**ORDER**

This consent case is before the Court for consideration of Defendant Republic Services of Florida, LP's motion to dismiss Plaintiff's first amended complaint. (Doc. 36). Plaintiff, acting pro se, responded in opposition.[1] For the reasons explained below, Defendant's motion is due to be denied.

## I. Background

Plaintiff, then proceeding pro se, initiated this action pursuant to the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges that Defendant provides garbage collection services to his home, and that he received regular calls from Defendant on his

[1] Although Plaintiff was previously proceeding pro se in this case (including when the response to the motion to dismiss was filed), a notice of appearance of counsel was recently entered on behalf of Plaintiff. (Doc. 50).

cellular telephone featuring a prerecorded voice. Plaintiff alleges that he "never provided express prior consent for Defendant to place artificial or prerecorded voice calls to his cellular telephone." (Doc. 34). Plaintiff further alleges that he sent a cease-and-desist letter to Defendant, demanding that the Defendant stop calling him, "at any number, for any reason." (Doc. 34 at 3). Plaintiff claims that Defendant continued to call his cellular telephone number at least 17 times after receiving the cease-and-desist letter. (Doc. 34 at 6).

Plaintiff's amended complaint alleges a single count for violation of the TCPA pursuant to 28 U.S.C. § 227(b)(1)(A)(iii) based on his allegations regarding the numerous artificial or prerecorded voice calls placed by Defendant to Plaintiff's cellular number without prior consent.

## II. Legal Standards

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, all reasonable inferences should be drawn in favor of the plaintiff. *See Randall v. Scott,* 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should " 'give the defendant fair notice of what the...claim is and the grounds upon which it rests.' " *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotations omitted); *see also Jackson*, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." *See Iqbal*, 556 U.S. at 678–79. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* at 678 (quoting *Twombly,* 550 U.S. at 570).

Defendant also presents a challenge to Plaintiff's standing. Because standing is jurisdictional, a motion to dismiss for lack of standing is treated as a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Svs., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). A challenge to standing under Rule 12(b)(1) may be presented as either a facial or factual attack on subject matter jurisdiction. "To have a case or controversy, a litigant must establish that he [or she] has standing," *United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019), which requires the litigant to show (1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

## III. Discussion

Defendant raises four arguments in support of its motion to dismiss. The undersigned will address each of these arguments in turn.

### A. Standing

Defendant first argues that the amended complaint should be dismissed with prejudice for lack of standing because Plaintiff fails to establish an injury-in-fact. Defendant contends that because the calls were actually informational calls regarding Plaintiff's contracted services from Republic Services that Plaintiff's allegations regarding the nature of the harm he suffered by receiving the calls is insufficient.

To state a claim under the TCPA for calls made to a cellular phone, a plaintiff must allege that: (1) a call was made to a cell or wireless phone, (2) by the use of any automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A), *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012).

In support of its argument, Defendant cites *Draken v. Pinto*, 74 F.4th 1336, 1345 (11th Cir. 2023) to demonstrate that the informational calls regarding Plaintiff's garbage pickup are not the type of "unwanted marketing texts and phone calls," sufficient to support a claim under the TCPA.

In an *en ban*c decision in *Drazen v. Pinto*, 74 F.4th 1336, 1346 (11th Cir. 2023), the Eleventh Circuit considered the Congressional intent behind the TCPA: "the Constitution empowers Congress to decide what degree of harm is enough so long as that harm is similar in kind to a traditional harm. And that's exactly what Congress did in the TCPA when it provided a cause of action to redress the harm that unwanted telemarketing texts and phone

calls cause." *Id.* at 1345. Following *Drazen*, courts in this district have rejected challenges to standing in TCPA cases. *See Simpson v. J.G. Wentworth Co.,* No. 8:23-CV-00152-KKM-AEP, 2024 WL 245992, at *4 (M.D. Fla. Jan. 23, 2024) ("Dismissal on standing grounds is inappropriate at this time."). *See also Culbertson v. Pro Custom Solar LLC*, No. 8:22-CV-2252-CEH-JSS, 2023 WL 5749228, at *4 (M.D. Fla. Sept. 6, 2023). In *Culbertson*, this Court followed *Drazen* in rejecting an attack to standing based on a single pre-recorded telephone call, observing that the Eleventh Circuit adopted the approach followed by seven other Circuits and focused on the kind of harm associated with intrusion upon seclusion as opposed to the degree of harm. *Id.*

Here, Plaintiff has alleged that he received at least 45 calls, including 17 calls received after Defendant received the cease-and-desist letter. Plaintiff alleges that these calls were a "nuisance," "wasted [his] time," caused "aggravation, indignation, and unwarranted stress," were an "invasion of [his] privacy" and "intruded upon [his] seclusion." (Doc. 34, ¶ 33). Plaintiff also alleges that he believed the calls to be collection calls, but Defendant contends that they were informational calls. Plaintiff specifically alleges that he "never provided express prior consent for Defendant to place artificial or prerecorded voice calls to his cellular telephone." (Doc. 34 at 3).

The cases relied upon by Defendant do not directly support its argument regarding standing. For example, in *Heres v. Medicredit, Inc.*, No. 23-CV-24815, 2024 WL 3291738, at *12 (S.D. Fla. July 3, 2024), the court considered the question of standing in a case brought pursuant to the Fair Debt Collection Practices Act. In *Heres*, the court concluded that the Plaintiff failed to show that a collection letter established that he suffered privacy invasion like the undesired buzzing of a cell phone. *Id*. at * 11. As the Eleventh Circuit reasoned in

*Drazen*, "[u]nwanted phone calls, as we've noted, are among the privacy intrusions that give rise to liability for intrusion upon seclusion." (citing Restatement (Second) of Torts, § 652B cmt. d; W. Page Keeton et al., *Prosser & Keeton on the Law of Torts* 855 (5th ed. 1984)). Aside from attempting to draw a comparison between the facts of this case and *Drazen*, within their argument regarding standing, Defendant does not cite any cases that involve standing in the context of a TCPA claim. Rather, the cases cited by Defendant involve application of the Fair Debt Collection Practices Act (*See Toste v. Beach Club at Fontainebleau Park Condo. Ass'n, Inc.*, No. 21-14348, 2022 WL 4091738, at *4 (11th Cir. Sept. 7, 2022)), intrusion upon seclusion in the context of real property rights (*See Jackman v. Cebrink-Swartz*, 334 So. 3d 653, 654 (Fla. Dist. Ct. App. 2021)), application of the Fair Credit Reporting Act (*See Spokeo, Inc. v. Robins*, 578 U.S. 330, 333 (2016), *as revised* (May 24, 2016), or involve standing in other contexts. (Doc. 36 at 4-7). Defendant's argument regarding lack of standing is insufficient.

**B. Consent to Receive Calls**

Next, Defendant argues that Plaintiff consented to receive phone calls from Republic Services. Defendant points out that Plaintiff admits in the amended complaint that Defendant provides garbage collection services to his home. Defendant argues there is no allegation that Republic Services improperly obtained Plaintiff's phone number. (Doc. 36 at 8). Defendant contends that providing a phone number constitutes consent under the TCPA, citing *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1307 (11th Cir. 2015), and *Miller v. Ginny's Inc.*, 287 F. Supp. 3d 1324, 1328 (M.D. Fla. 2017) ("[T]he provision of a mobile phone number, without limiting instructions suffices to establish the consumer's general consent to be called under the TCPA.").

Defendant's argument, however, fails to acknowledge that, unlike the situation in *Murphy*, 797 F.3d 1302 at 1307, Plaintiff's allegations do not support the conclusion that he gave his number to Defendant. Rather, Plaintiff specifically alleges that he did not provide his prior express consent, and he adds that he sent an unequivocal cease and desist letter.

At this stage, the court is obliged to accept the factual allegations set forth in the complaint as true. *See Iqbal*, 556 U.S. at 678. Further, all reasonable inferences should be drawn in favor of the plaintiff. *See Randall v. Scott,* 610 F.3d 701, 705 (11th Cir. 2010). Moreover, the Court is mindful that Plaintiff's amended complaint was filed when he was proceeding pro se. At this stage of proceedings, the Court finds Defendant's argument that Plaintiff provided express consent to be unavailing.

**C. Sufficiency of Allegations Regarding Artificial or Prerecorded Voice**

Next, Defendant argues that Plaintiff fails to sufficiently allege the calls and text messages were made using an artificial or prerecorded voice, citing *Weaver v. Wells Fargo Bank N.A.*, No. 8:15-CV-1247-T-23TGW, 2015 WL 4730572, at *4 (M.D. Fla. Aug. 10, 2015) (finding that plaintiff failed to plausibly allege that calls were made using an artificial or prerecorded voice).

Here, Plaintiff's allegations include the number of calls, that the calls were made regularly, and that there was not a human on the line, but a prerecorded message. (Doc. 34 at 2-3). Plaintiff's allegations are readily distinguishable from those in *Weaver*, which the court described as conclusory and as failing to explain the circumstances that suggested the defendant used an automated calling device. *See id.* at *4. Rather, Plaintiff's complaint contains sufficient allegations that explain his awareness that he was receiving prerecorded or automated calls.

### D. Plaintiff's Opt-Out

Finally, Defendant argues that Plaintiff's alleged cease-and-desist letter or "opt out" was unreasonable, ineffective, and that he fails to state a claim for "willful" violations of the TCPA. Defendant contends that the TCPA requires a clear revocation of consent, and an implicit revocation will not do, citing *Brown v. Ocwen Loan Servicing LLC*, No. 8:18-CV-136-T-60AEP, 2019 WL 4221718, at *5 (M.D. Fla. Sept. 5, 2019).

As alleged in the amended complaint, Plaintiff's letter stated, "I have been getting collection calls from you, which I believe to be a mistake. I do not have any outstanding balances with you. Stop calling me. Do not call me at any number, for any reason." (Doc. 34 at 3, ¶ 12). Upon consideration, Plaintiff's allegations regarding revocation of consent are sufficiently clear to survive a motion to dismiss.

## IV. CONCLUSION

Accordingly, for the reasons explained above, Defendant's motion to dismiss (Doc. 36) is due to be denied.

**DONE** and **ORDERED** in Ocala, Florida on August 26, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties